**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RANDY TOWNSEND, *as surviving spouse and heir-at-law of decedent Sue Townsend and soon-to-be appointed special administrator of the estate of Sue Townsend*,<br><br>Plaintiffs,<br><br>v.<br><br>THE GARDENS AT ALDERSGATE LLC and MRC SNF MANAGEMENT LLC,<br><br>Defendants. | Case No. 26-2387-AJP-RES |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants The Garden at Aldersgate LLC and MRC SNF Management LLLC's Motion to Redact Fed. R. Civ. P. 7.1 Corporate Disclosure Statements. ECF No. 11. Randy Townsend, as the surviving spouse and heir-at-law of decedent Sue Townsend and the soon-to-be special administrator of her estate (collectively "Plaintiffs" since Townsend proceeds in two capacities), opposes the Motion. ECF No. 13. Defendants also filed a reply brief in further support of their Motion. ECF No. 14. For the reasons explained below, the Motion is denied.

## I. BACKGROUND

This is a skilled-nursing-home negligence case proceeding in federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). ECF No. 1 at 6–7 (Plaintiffs' Complaint). As alleged in the Complaint, Defendant The Gardens at Aldersgate LLC ("Aldersgate") is a skilled nursing facility where Plaintiff Townsend's spouse received care. *Id.* at 1. Plaintiffs identify

Defendant MRC SNF Management LLC ("MRC") as the company that owns and manages the skilled nursing facility. *Id.* at 4.

In diversity cases proceeding under § 1332(a), Federal Rule of Civil Procedure 7.1(a)(2) requires every "party or intervenor [to] . . . file a disclosure statement[] [that] must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor[.]" On August 3, 2026, Defendants filed their unredacted Rule 7.1 disclosure statements provisionally under seal. ECF Nos. 6-7. In the present Motion, Defendants seek to maintain under seal the unredacted Rule 7.1 disclosure statements, which reveal various layers of the respective limited liability companies' ("LLC") memberships and the identities of those layers of members. *See* ECF No. 11. Defendants request permission to file publicly only redacted versions of these documents, redacting "the names of non-party individuals, trusts, and limited liability companies whose disclosure would reveal the private ownership and financial associations of non-parties." *Id.* at 2. Plaintiffs oppose the Motion on multiple grounds, including that granting the Motion "would convert a transparency rule into a sealing regime for any LLC that prefers anonymity." ECF No. 13 at 3.

## I. LEGAL STANDARD

"Courts 'recognize a general right to inspect and copy public records and documents, including judicial records and documents.'" *United States v. Johnson*, 125 F.4th 1352, 1360 (10th Cir. 2025) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Because of this, a "'strong presumption in favor of public access'" exists. *Id.* (quoting *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013)). But a party may rebut the presumption by demonstrating that "'countervailing interests heavily outweigh the public interests in access.'" *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (quoting *Rushford v. New Yorker Magazine, Inc.*,

846 F.2d 249, 253 (4th Cir. 1988)). The countervailing interest must be "'a real and substantial interest' justifying restricting the public's access to records." *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) (quoting *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017)). The party moving to maintain filings under seal "bears a heavy burden." *Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1083 (10th Cir. 2023) (internal quotation marks omitted). The advisory committee notes to the 2022 amendments echo these requirements with respect to Rule 7.1 disclosures, noting that "the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure." Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment.

Pursuant to D. Kan. Rule 5.4.2(c), a motion to seal must include:

> (1) a description of the specific portions of the document, . . . which must be narrowly tailored to the asserted confidentiality interest;
>
> (2) the confidentiality interest to be protected and why such interest outweighs the presumption of public access . . . ;
>
> (3) a clearly defined and serious injury that would result in the absence of restricting public access;
>
> (4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question; [and]
>
> (5) the extent to which the motion is opposed or unopposed . . . .

*See also Bad Rhino Games, LLC v. Turn Me Up Games, Inc.*, No. 23-2303-JWB, 2024 WL 5008619, at *1 (D. Kan. Dec. 5, 2024) (analyzing a motion to seal pursuant to D. Kan. R. 5.4.2 and explaining that the Tenth Circuit standards for filing information under seal are "incorporated into this court's rules"); *Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC, 2024 WL 1703557, at *1 (D. Kan. Apr. 19, 2024) ("The party seeking to deny public access also must comply with our

local rule."). And a party "requesting redactions from the public record must separately email the document to chambers with its proposed redactions highlighted in yellow." D. Kan. Rule 5.4.2(c).

## II. DISCUSSION

Defendants address the requirements of D. Kan. Rule 5.4.2(c)(1)-(5), but Defendants failed to submit to the Magistrate Judge's chambers copies of their Rule 7.1 disclosures with their proposed redactions highlighted as the rule requires. Noncompliance with the local rule is grounds alone to deny the Motion. *See, e.g., Borders v. Wine*, No. 21-4036-DDC-ADM, 2021 WL 4453571, at *1 (D. Kan. Sept. 29, 2021) (denying a motion for noncompliance with the local rules and on the merits and explaining that all litigants are required to comply with the federal rules and the local rules).

But even setting that aside, Defendants fall far short of demonstrating that any significant interest outweighs the presumption in favor of open access to judicial records, particularly when Defendants' Motion wholly fails to address the fact that much of the material they seek to maintain under seal is included in Plaintiffs' publicly filed Complaint. For the reasons explained below, the Court also denies the Motion on the merits.

*First*, Plaintiffs' Complaint includes identical or substantially similar information that Defendants now seek to maintain under seal. Because Plaintiffs' Complaint invokes diversity jurisdiction, Plaintiffs' Complaint includes detailed citizenship allegations as to each Defendant, including tracing layers of the Defendant LLCs and identifying those entities and individuals by name. *See* ECF No. 1 at 3, 5.

Defendants fail to address that some of the information they now seek to redact is publicly available already on the docket, which is fatal to the Motion. *See generally Elevate Fed. Credit Union*, 67 F.4th at 1085 ("We also deny the motions to seal four documents because the

information is publicly available in unsealed documents or the district court's order[.]"); *Pickard*, 733 F.3d at 1305 ("The fact that some of the sealed information has already been made public suggests that much of the information in the DEA records could be unsealed."); *Mann*, 477 F.3d at 1149 (finding no error in the district court's denial of a motion to seal where much of the information to be sealed "appears to have been disclosed previously in the public probate court proceedings, further undermining her privacy concerns").

As but one example, the Complaint states that Defendant Aldersgate "has two members: MRCMM II, LLC and Midwest SNF Holdings, LLC." ECF No. 1 at 3. Defendants seek permission to redact paragraph 2(a) of Defendant Aldersgate's Rule 7.1 disclosure statement, which identifies "the names of the two limited liability companies identified as the members of The Gardens at Aldersgate, LLC." ECF No. 11 at 2. The provisionally sealed disclosure statement lists the same entities identified in Plaintiff's Complaint. *See* ECF No. 6 at 1. Plaintiffs' Complaint also traces member layers to individual members and includes their names as well. *See, e.g.*, ECF No. 1 at 3. Again, it is Defendants' heavy burden to establish why each redaction they request is warranted, and they have failed to meet this burden when at least some of this information is already public.

*Second*, even if much of this information were not already disclosed on the public docket, the Motion advances only generic and conclusory arguments of harm that are insufficient to carry Defendants' heavy burden. Specifically, Defendants explain:

> The closely held limited liability company names must also be redacted to make the protection meaningful. Those entities serve as links to one or a small number of non-party individuals or family trusts. Public disclosure of the entity names would permit indirect identification of the same non-party ownership and investment relationships that the requested redactions are intended to protect.

> Without the requested redactions, the non-party individuals would suffer a clearly defined and serious injury through public disclosure of their private financial relationships, investment decisions, and ownership interests. The requested redactions are limited to names and ownership identifiers; they do not conceal facts concerning the parties, the claims and defenses, or the citizenship analysis relevant to the Court's jurisdiction.

ECF No. 11 at 4-5.

These types of arguments would apply with equal force to nearly any unincorporated entity whose membership is not necessarily publicly available or generally known. Defendants state that the non-parties would "suffer a clearly defined and serious injury." *Id.* at 5. But Defendants never define what that injury actually *is*. Furthermore, despite the sheer number of proposed redactions to the names of various corporate entities, trusts, and individuals, the Motion fails to make any particularized argument as to how any of these specific entities or individuals would suffer that same undefined injury if the names are not redacted. The Tenth Circuit has made clear that vague and conclusory arguments are not sufficient to justify sealing. *See Elevate Fed. Credit Union*, 67 F.4th at 1085 (discussing the "heavy burden" for a motion to seal and finding that "a conclusory statement that the deposition discusses confidential and proprietary information" and a party's "finances, memberships, and business and financial strategies" are "[v]ague and conclusory statements [that] do not meet this burden.").

Moreover, federal district courts have overwhelmingly rejected these types of generic confidentiality and privacy concerns as insufficient to justify sealing or otherwise restricting Rule 7.1 disclosure statements.[1] *See, e.g.*, *Raines v. Auto. Indus., LLC*, No. 25-CV-00549-SEH-MTS,

---

[1] *See Gross v. Smartsky Networks LLC*, No. 1:24CV749, 2025 WL 1725432, at *5 (M.D.N.C. June 20, 2025) ("It is understandable that third party investors who did not ask to be sued may wish to remain anonymous. However, SmartSky cites no authority supporting its position that the generalized privacy interests of third-party investors outweigh the right of public access associated with the common law in this circumstance."); *FractureLabs Oü v. Jump Trading,*

*LLC*, No. 24-CV-10249, 2025 WL 1582429, at *2 (N.D. Ill. June 4, 2025) ("First, general interests in commercial advantage and privacy aren't sufficient reasons to keep information relevant to judicial decision-making secret." (internal quotations omitted)); *Pace v. Cirrus Design Corp.*, No. 2:24-CV-00539-JRG, 2025 WL 510444, at *3 (E.D. Tex. Feb. 14, 2025) ("Hartzell fails to articulate any legitimate reason to withhold the names of the members of Tailwind or the members of the LLCs beyond Tailwind other than the conclusory statement that they all have a strong interest in safeguarding their identities, personal finances, and confidential business interests and structures. . . . Hartzell's conclusory statements and preference to avoid public disclosure are insufficient to overcome the presumption of public access. (internal quotations omitted)); *Bell v. Townsend Corp. of Ind.*, No. 1:24-CV-190 SNLJ, 2024 WL 4854038, at *1 (E.D. Mo. Nov. 21, 2024) ("Defendant here claims that public disclosure of the Disclosure Statement would result in the disclosure of confidential information regarding the ownership and organization of defendant, and such disclosure could provide a competitive advantage to Defendant's business competitors. . . . Defendant provides no other detail, nor does defendant even cite to authority." (internal quotations omitted)); *Anoke v. Twitter, Inc.*, No. 23-CV-02217-SI, 2024 WL 3908108, at *5 (N.D. Cal. Aug. 20, 2024) ("The Court sees no remedy other than the full unsealing of the statement. The corporate disclosures required by Federal Rule of Civil Procedure 7.1 and this district's Civil Local Rule 3-15 support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c) of the Code of Conduct for United States Judges. (internal quotations omitted)); *Delta MB LLC v. 271 S. Broadway, LLC*, No. 24-CV-143-TSM, 2024 WL 6874295, at *2 (D.N.H. July 15, 2024) ("[T]he First Circuit has not specifically opined about whether district courts should allow motions to seal diversity disclosure statements based on a party's wish to keep its ownership's identities private. But, applying similar public disclosure standards to those expressed by the First Circuit, district courts throughout the country have overwhelmingly rejected such requests."); *Walton v. Georgian Gardens Healthcare LLC*, No. 4:24 CV 253 CDP, 2024 WL 1636707, at *1 (E.D. Mo. Apr. 16, 2024) ("Defendants argue that disclosing such information exposes them to potential harm, including reputational damage, publicity, invasion of their privacy regarding business investments, and future lawsuits; but they provide no explanation or specific details as to how disclosure puts them at such risk. This Court has held that such conjecture and conclusory statements about potential harm, with nothing more, do not constitute compelling reasons to justify sealing an entity's disclosure statement."); *Eures v. Havenpark Mgmt., LLC*, No. 4:23-CV-00184-TWP-KMB, 2024 WL 1374766, at *3 (S.D. Ind. Apr. 1, 2024) ("[D]istrict courts throughout the country have consistently held that the 2022 Committee Note does not allow parties to withhold the names of their members simply because those members prefer that their information remain private."); *Mayer v. Patriot Pickle Inc.*, No. 23-CV-1299-LJV, 2024 WL 162881, at *4 (W.D.N.Y. Jan. 16, 2024) ("Wahlburgers says only that its corporate structure and ownership information are confidential business information and not commonly known to the public at large, and it adds that sealing would protect Wahlburgers's privacy interests. . . . But it does not explain how disclosure of that purportedly confidential . . . information might damage its business, nor does it provide any details about the privacy interests purportedly at stake." (internal quotations omitted)); *Mann v. Trails Carolina, LLC*, No. 1:23-CV-00020-MR-WCM, 2023 WL 5109564, at *2 (W.D.N.C. Aug. 9, 2023) (collecting cases denying motions to seal Rule 7.1 disclosure statements and also denying a motion for in camera review or to seal); *Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*, No. 3:22-CV-00237-SLH, 2023 WL 4711158, at *3 (W.D. Pa. July 24, 2023) ("While the disclosure of names may be protected

2026 WL 411721, at *2 (N.D. Okla. Feb. 13, 2026) (denying leave to file a Rule 7.1 disclosure statement under seal and explaining that defendant raised only vague and speculative harms to the business's relationships and the silent member's law practice that do "not rise to the level of a *significant* interest that *heavily* outweighs the public's interest in accessing court documents." (emphasis original)).

Simply put, "[c]orporations and limited partnerships may offer individuals protection from liability, but they do not entitle individuals to anonymity in court proceedings." *Darton Archery, LLC v. Bowtech, LLC*, No. C.A. 23-140-CFC, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023) (also noting that "public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute a clearly defined and serious injury"). Here, all the individuals and entities listed in Defendants' Rule 7.1 disclosure statements elected to have an ownership interest in a skilled nursing facility and the company that manages the skilled nursing facility. It is not unusual or unforeseeable that these types of parties would be sued in diversity cases in federal court, triggering the requirement that these Defendants file Rule 7.1 disclosure statements. While there may be specific cases in which sealing would be appropriate, they would involve a far more specific set of facts pertaining to specific entities or individuals than what this Court has before it.

---

when a substantial interest in privacy exists, merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities."); *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, No. 2:23-CV-81-SPC-KCD, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023) ("Plaintiffs have not articulated a legitimate privacy interest in the members' identities and its preference that the information remain private is not a valid reason to overcome the presumption of public access."); *Intrua Fin. Holdings, LLC v. Keller*, No. 4:23-CV-1187 RLW, 2023 WL 7497650, at *1 (E.D. Mo. Nov. 13, 2023) ("The Court finds Plaintiffs' preference for confidentiality does not constitute a compelling reason for sealing the Disclosure Statements.").

*Third*, rather than address these cases, which represent the overwhelming majority view, Defendants' Motion relies on a different case from this District that also involved Defendant MRC. In that case, the judge granted defendants' *unopposed* motion seeking leave to file redacted copies of Rule 7.1 disclosures. This is the only case Defendants cite in which a court allowed Rule 7.1 disclosures to be sealed in whole or in part. But as Plaintiffs persuasively argue, "[a]n unopposed grant carries little weight in a contested posture," such as here. ECF No. 13 at 6. The undersigned agrees with the majority view that Rule 7.1 disclosures should not be sealed in whole or in part based on generic privacy arguments that could apply to nearly any business that wishes to keep private those with an ownership interest.

*Fourth*, the public's interest in parties' Rule 7.1 disclosure statements is far from de minimis. Although Defendants argue that their Rule 7.1 disclosure statements are not relevant to the underlying claims or defenses in this case, Rule 7.1 disclosure statements serve an important purpose. Rule 7.1 disclosures allow the judge to ascertain whether the judge has a financial interest in the party or associated parties that would require recusal. *See Gebhart v. Raytheon Aircraft Co.*, No. CIV.A.04-4025-JAR, 2004 WL 1212047, at *2 n.13 (D. Kan. May 25, 2004) (explaining the purpose of the rule). And in diversity cases like this one, "Rule 7.1 statements enable a federal court to assess its jurisdiction—jurisdiction that has been carefully delimited by Article III of the Constitution and by Congress." *Mayer*, 2024 WL 162881, at *3. These are matters of public interest. Ultimately, the Court need not weigh the extent of the public's interest in Rule 7.1 disclosure statements because Defendants have not carried their burden to demonstrate any significant countervailing interest that would outweigh the presumption in favor of public access.

For the reasons explained above, Defendants' Motion is denied. The Clerk's Office is directed to unseal Defendants' provisionally sealed Rule 7.1 Disclosure Statements, ECF Nos. 6 and 7.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Redact Fed. R. Civ. P. 7.1 Corporate Disclosure Statements, ECF No. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to unseal Defendants' provisionally sealed Rule 7.1 Disclosure Statements, ECF Nos. 6 and 7.

**IT IS SO ORDERED.**

Dated: August 31, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge